NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAVIER AYALA-ARIZMENDI,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-57

Agency No.
A044-124-023

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District
Judge.[***]

Petitioner Javier Ayala-Arizmendi ("Ayala"), a native and citizen of Mexico,

challenges the Board of Immigration Appeals' ("BIA") denial of his motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

reconsider its prior decision refusing to *sua sponte* reopen removal proceedings.

The parties are familiar with the facts, so we recount them only as necessary to provide context to our ruling. We have jurisdiction to review the denial of a motion to reconsider under 8 U.S.C. § 1252(a)(1). We review the denial of a motion to reconsider for abuse of discretion. *Singh v. Garland*, 46 F.4th 1117, 1121 (9th Cir. 2022). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) (citation omitted). When it comes to the BIA's discretionary authority to *sua sponte* reopen proceedings, we lack jurisdiction to review that decision, except for "legal or constitutional error." *Rubalcaba v. Garland*, 998 F.3d 1031, 1035 (9th Cir. 2021) (quoting *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020)).

Ayala requests review of the BIA's denial of his motion to reconsider. However, the underlying relief he seeks—*sua sponte* reopening of his case—falls under the BIA's discretionary authority, which we have limited jurisdiction to review. *Rubalcaba*, 998 F.3d at 1035. Ayala challenges the BIA's denial of his motion for reconsideration on two grounds. He argues: (1) that the BIA made "constitutional error, in denying the Petitioner due process and meaningful review by not initially considering the evidence submitted with his motion to reopen"; and (2) that the BIA erred in determining he failed to establish *prima facie* eligibility for

cancellation of removal.

Regarding Ayala's argument for constitutional error, any mistake that the BIA made by initially overlooking the vacated conviction was cured when the BIA acknowledged the vacatur and accounted for it on Ayala's motion to reconsider. After acknowledging the evidence of Ayala's vacated conviction, the BIA ordered "supplemental briefing from the parties addressing whether the respondent's conviction remains effective for immigration purposes and whether its vacatur warrants reopening of proceedings." And upon review of the vacated conviction and both parties' supplemental briefing, the BIA still determined "that there were no exceptional circumstances warranting sua sponte reopening."

Ayala's second argument that he did establish *prima facie* eligibility for cancellation of removal does not warrant overturning the BIA's ultimate decision. Although Ayala's motion for reconsideration alerted the BIA that they had overlooked the attached order vacating his 1998 conviction, the motion failed to raise any additional arguments about Ayala's eligibility for cancellation of removal. And his motion to reopen proffered no outstanding evidence to offset his decades-long criminal history. *See* 8 U.S.C. § 1229a(c)(7)(B). Further, to the extent that the BIA's denial of Ayala's cancellation relief was purely discretionary, we lack jurisdiction to review it. *See Lemus-Escobar v. Bondi*, 158 F.4th 944, 954 (9th Cir. 2025).

Accordingly, we conclude that the BIA offered adequate explanation for its decision not to reconsider Ayala's motion to *sua sponte* reopen. *See B.R.*, 26 F.4th at 835. We additionally find that the BIA's decision was not arbitrary, irrational, or contrary to the law. *See id.* Therefore, the BIA did not abuse its discretion in the December 6, 2024, decision refusing to reconsider Ayala's request to *sua sponte* reopen his case.

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal (Dkt. No. 3) is **DENIED** as moot effective upon issuance of the mandate from this court.